Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4975 | **DATE** | 7/22/2004 |
| **CASE TITLE** | Patricia Jones vs. I.L.A. Local 1803 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, the defendant's motion for summary judgment is granted in its entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 2 2 2004 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | 2004 JUL 22 PM 8:12 | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 4975 |
| | ) | |
| I.L.A. LOCAL 1803, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION



DOCKETED

JUL 2 3 2004

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant International Longshoremen's Association Local 1803's ("ILA") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment in its entirety.

### BACKGROUND

ILA supplies Checkers based on work orders that its Secretary-Treasurer, Bror Johnson ("Johnson") receives from stevedoring companies in the Port of Chicago. Presently, work in the port has slowed significantly compared to prior years. For the past few years there have only been two stevedoring companies that have had collective bargaining agreement with ILA. As a consequence, work opportunities for longshoremen have been significantly reduced, and work has been sporadic.

1

Members of ILA function as "Checkers." They keep a record of cargo being unloaded or loaded. Sometimes "Extras" are needed when the supply of regular Checkers with seniority who can work the next day is exhausted. The system of supplying Checkers has been in place for decades. Johnson, who has been Secretary-Treasurer for 21 years, must phone Checkers or Extras when a stevedoring company's work order is received. Because of the need to promptly fulfill the work order to supply Checkers for the next day, Johnson can not leave messages or wait for a return call that may never materialize. If a Checker or Extra does not answer the phone and Johnson cannot speak with the individual, he calls the next person.

In late 2000 and early 2001, Johnson lost contact with Plaintiff Patricia Jones ("Jones"). He could never reach Jones by phone, and she never called him. Therefore Johnson stopped calling Jones as an Extra. Moreover, during this same period, Jones did not appear for the hiring shapes at her home local ILA 19. Thus, Johnson concluded that Jones was no longer interested in working on the docks.

As a result, Jones filed a compliant against ILA alleging that her failure to receive further phone calls from Johnson to work as an Extra on the docks was due to discrimination based on sex, race, retaliation for opposing unlawful employment practices and for seeking to join ILA as a member, and disability. However, Jones has now withdrawn her claims of disability discrimination and retaliation based on alleged refusal of ILA to permit her to join as a member. Therefore, all that remains at issue is Jones' claim that she was discriminated against based on her sex and her

2

race.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325.  Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596,

599 (7th Cir. 2000).  The court must consider the record as a whole, in a light most

favorable to the non-moving party, and draw all reasonable inferences that favor the

non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212

F.3d 969, 972 (7th Cir. 2000).


## DISCUSSION


### I. Failure By Jones To Respond

We note that Jones has not responded to the arguments presented by ILA in

regards to the summary judgment motion or to ILA's Local Rule 56.1 statement of

facts, thereby admitting the veracity of ILA's stated facts.  On September 25, 2003,

we gave the parties until January 12, 2004, to respond to dispositive motions that

were filed by December 30, 2003.   Jones failed to respond to ILA's summary

judgment motion by January 12, 2004.  Jones filed a motion seeking an extension of

time to file an answer, but neither Jones nor her counsel appeared in court for her

noticed motion and we denied the motion.  On February 10, 2004, Jones filed a brief

indicating that she would not be filing a response to the summary judgment motion.


### II. Whether Claim is Untimely

ILA first argues that Jones' charge of discrimination was untimely.  We agree.

A Title VII plaintiff seeking to bring a claim in Illinois "must file a charge with the EEOC within 300 days of the alleged discrimination." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892 (7th Cir. 2001). Jones alleges that the discrimination against her began in May of 2000, yet Jones admits that her charge with the Illinois Department of Human Rights ("IDHR") was not filed until September 5, 2001. Clearly the filing of this charge was untimely. Jones has failed to offer any reason as to why the limitations period should have been tolled.

III. Failure to Exhaust Claims

ILA argues that Jones failed to exhaust administrative proceedings, and as a result ILA was deprived of its statutory right to mediate and conciliate. We agree. Exhaustion of administrative remedies and participation in the Agency's conciliation and mediation proceedings is a prerequisite to a federal court jurisdiction over employment discrimination actions arising under Title VII of the Civil Rights Act. *Burton v. Great Western Steel Co.,* 833 F. Supp. 1266, 1270 (N.D. Ill. 1993). An EEOC charge is insufficient to confer jurisdiction in a private civil action when the charged party has not been given an opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Eggleston v. Chicago Journeymen Plumbers' Local 130,* 657 F.2d 890, 905 (7th Cir. 1981). Furthermore, sufficient

opportunity to conciliate is required because "conciliation between the parties may

solve discriminatory problems without the animosities created by coercion, and it

provides the respondent with the chance to voluntarily explain and justify past

conduct prior to the expense, publicity, and time consumption associated with

litigation. *Id.* at 906-07.

Jones admits that she failed to participate in the Agency proceedings below.

(SF 12-18).  She admits that she evaded and avoided the statutory scheme of agency

investigation by the EEOC that Congress directed.  The EEOC "right-to-sue" letter

adopted the findings of the IDHR.  In turn the IDHR explicitly dismissed Jones'

charge because of her non-cooperation, sending her a "Notice of Dismissal for

Failure to Proceed." (SF 18).  Finally, Jones never filed a "Request for Review" of

the IDHR's dismissal of her charge for failure to adequately respond to reasonable

requests of the IDHR.  Where a claimant initiates an administrative process and then

"affirmatively frustrates the agency's efforts to investigate the charge, thus triggering

a dismissal of the charge for failure to cooperate, sound policy calls for the denial of

the claimant's later effort to file suit in federal court." *Morris v. Albertson, Inc.,*

2001 WL 936118, at *3 (N.D. Ill. 2001).  ILA was prejudiced because of Jones'

refusal to cooperate with IDHR's processes and because it never had an opportunity

to learn the basis for Jones' charges.  Jones' excuse for failing to attend the fact-

finding conference and otherwise failing to cooperate with IDHR's investigation was

based on her alleged mental handicap-disability.  However, at her deposition, Jones

expressly withdrew any claim based on disability.  (SF 9).  Therefore, Jones admits

that she failed to exhaust her administrative remedies.


III. Merits of Claim

Finally, we note that even if Jones had filed her claim in a timely fashion, and

had exhausted her administrative remedies  she would not succeed in defeating

ILA's motion for summary judgment.

If an employer in a Title VII discrimination case brings a motion for summary

judgment, the plaintiff can proceed under the direct or indirect method of proof in

order to defeat the motion. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998).

Under the direct approach, the plaintiff can show through direct or circumstantial

evidence that the alleged harmful action of the employer was "motivated by an

impermissible purpose, such as her race or national origin." *Id.*  Under the indirect

approach the plaintiff must establish a *prima facie* case which will allow an

inference of discrimination. *Id.*  To establish a *prima facie* case of race or gender

discrimination a plaintiff must show: "(1) that she was a member of a protected

class; (2) that she was performing her job satisfactorily; (3) that she experienced an

adverse employment action; and (4) that similarly situated individuals were treated

more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002).  If a *prima*

*facie* case is established, then there is a rebuttable presumption of discrimination and

the employer is required to offer a "legitimate, non-discriminatory reason for the

adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination.*Id.*

As indicated above, all of ILA's Local Rule 56.1 facts are deemed admitted because Jones did not respond to the facts. The facts in this case show that ILA did not refuse to offer Patricia Jones the opportunity to work as a Checker. On the contrary, she was called by Johnson to work as an extra seven to ten times in 1999 and 35 times in 2000. (SF 50, 51). Such conduct by Johnson is inconsistent with Jones' allegations of discrimination.

Jones has also failed to even show that other similarly situated employees were treated more favorably and, since the evidence shows that Jones failed to answer her phone, (SF 53), Jones fails to show that she suffered an adverse employment action. Also, even if Jones could establish a prima facie case of discrimination, ILA has established a legitimate, non-discriminatory reason why Johnson stopped calling her in early 2001 to work as an extra. ILA claims and Jones admits that Jones did not answer her phone and she never called Johnson to inquire about work. Finally, the record is devoid of any indications that ILA's given reason is a pretext.

## CONCLUSION

Based on the foregoing analysis, we grant ILA's motion for summary

judgment in its entirety.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   July 22, 2004